CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 20 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CLAUDE V. BROOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:17cv444 |
| v. ) | |
| ) | |
| IRON TIGER LOGISTICS, INC., ) | By: Hon. Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on defendant Iron Tiger Logistics, Inc.'s ("Iron Tiger") Motion to Dismiss and Motion to Quash Service of Process (the "Motion"). ECF No. 6. Iron Tiger moves to dismiss Plaintiff Claude V. Broome's Complaint (the "Complaint"), ECF No. 1, for insufficient service of process under Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. Alternatively, Iron Tiger moves to quash service of process. Iron Tiger argues that the court should dismiss the action for insufficient service of process because Broome failed to serve Iron Tiger within 90 days after his Complaint was filed, or alternatively, has not shown good cause for his failure to timely serve in accordance with the court's April 27, 2018 Order to Show Cause (the "Order"), ECF No. 3. The court held a telephonic hearing on the motions on June 26, 2018, and required the parties to brief two questions regarding the court's Order. ECF No. 14. Those two questions have been fully briefed, and the court has considered the issues raised by the parties. For the reasons set forth below, the court will **DENY** the Motion.

**I.**

Broome filed his Complaint for race discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") on September 25, 2017. ECF No. 1. Although an electronic summons was issued, ECF No. 2, Broome neither timely served Iron Tiger nor asked for extended time to serve. On April 27, 2018, the court issued the Order, requiring Broome to give reason for his failure to serve Iron Tiger within fourteen days of the Order. Rather than complying with the Order, however, Broome served Iron Tiger on May 9, 2018—227 days after the Complaint.

The court held a telephonic hearing on the motions on June 26, 2018 and found that Broome did not show good cause for his untimely service. The court ordered the parties to brief two questions: (1) whether the court's Order can be construed as an "order that service be made within a specified time" under Federal Rule of Civil Procedure 4(m); and (2) if question (1) is answered in the negative and the court dismisses the Complaint without prejudice, whether a refiled complaint would be timely under the governing statute of limitations.

**II.**

Broome has failed to show that the court's Order can be construed as an "order that service be made within a specified time." The plain language of the Order required Broome to give the court, within fourteen days, some explanation as to why he failed to timely serve Iron Tiger. Broome's Brief in Opposition to Defendant's Motion to Dismiss, ECF No. 15, does not directly address the court's question regarding the language of its Order. Broome provides no justification as to why he served Iron Tiger on May 9, 2018—227 days after he

filed his Complaint—rather than comply with the court's Order requesting a reason why service was untimely. The Order states: "Broome has not served Iron Tiger Logistics within ninety days. As such, Broome is **ORDERED TO SHOW CAUSE** within fourteen (14) days of the entry of this Order as to the reason for his failure to serve Iron Tiger Logistics." ECF No. 3. The language is not ambiguous or vague. Nor can a reasonable person interpret the court's Order as allowing Broome to serve Iron Tiger without prior permission from the court. The Order's language in no way suggests that Broome may supplant the timely service mandated by Rule 4(m) or the court's Order by serving Iron Tiger 227 days after the Complaint was filed. Having determined that the court's Order cannot be construed as granting Broome fourteen additional days to serve Iron Tiger, the court must now decide whether dismissal of the action is appropriate under Rule 4(m).

## III.

Interpreting a previous version of what is now Federal Rule of Civil Procedure 4(m), the Fourth Circuit held that "if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause."[1] Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). But in 2015, Rule 4(m) was amended, and now provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1] The time to timely effect service was subsequently lowered to 90 days. See Fed. R. Civ. P. 4(m).

District courts in the Fourth Circuit disagree as to whether the 2015 amendment to Rule 4(m) abrogated Mendez. Compare Robinson v. G D C, Inc., 193 F. Supp. 3d. 577, 582 (E.D. Va. 2016) ("[W]ith the promulgation of the 2015 Amendment to Rule 4(m), the matter can be laid to rest: Mendez is no longer controlling authority in this circuit."), and DiPaulo v. Potter, 570 F. Supp. 2d. 802, 808 (M.D.N.C. 2008) (rejecting Mendez because it "applies to pre-amendment Rule 4(j) . . . and does not apply to . . . Rule 4(m)"), with Chen v. Mayor & City Council of Balt., 292 F.R.D 288, 293 (D. Md. 2013) (collecting cases from the District of Maryland and holding that "the court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez"), aff'd 546 F. App'x 187 (4th Cir. 2013).

This court is of the opinion that the 2015 amendment to Rule 4(m) removes the good cause requirement and grants the court discretion to either "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The court may also dismiss with prejudice under Rule 4(m) if the statute of limitations on the claim has run. See Akinrinade v. Serv. Am. Corp., 211 F.3d 1264 (4th Cir. 2000) (per curiam). But "even if good cause is no longer an absolute requirement under Rule 4(m), 'the court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule.'" Bailey v. Bank of Am., Civ. No. ELH-16-2243, 2017 WL 1301486, at *7 (D. Md. Apr. 7, 2017) (quoting Hoffman v. Balt. Police Dep't, 379 F. Supp. 2d 778, 786 (D. Md. 2005)). The court found Broome did not show good cause. If this action were dismissed without prejudice, however, Broome would not be able to refile his Title VII claim because the statute of

limitations would not be tolled and would have run. Therefore, a dismissal of Broome's Complaint without prejudice is effectively a dismissal with prejudice.

## IV.

Unlike civil rights claims under 42 U.S.C. §§ 1981 and 1983, Title VII claims have an express statute of limitations. See Miller v. Georgia, 223 F. App'x 842, 845–46 (11th Cir. 2007). Therefore, Title VII claims do not borrow from states' savings statutes. See Mann v. Standard Motor Prods., Inc., 532 F. App'x 417, 418 (4th Cir. 2013); Hale v. Emporia State Univ., 266 F. Supp. 3d 1261, 1271 (D. Kan. 2017) ("A state's savings statute does not apply to Title VII claims."). For Title VII claims, a charge must be filed with the Equal Employment Opportunity Commission (the "EEOC") and then a lawsuit must be filed within 90 days of receiving a Notice of Right to Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Here, Broome is incorrect to assume that his Title VII claim will benefit from the tolling of the statute of limitations pursuant to Virginia's savings statute.

Generally, filing a complaint tolls the statute of limitations for federal claims. But for Title VII claims, courts have held that the statute of limitations is not tolled for a complaint that is dismissed without prejudice. See Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329 (4th Cir. 2011) ("This conclusion is consistent with the general rule that a Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period."); Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1191 (5th Cir. 1992) ("If a Title VII complaint is timely filed pursuant to an EEOC right-to-sue letter and is later dismissed [without prejudice], the timely filing of the complaint does not toll the ninety-day limitations period." (citing Price v. Digital Equip. Corp., 846 F.2d 1026, 1027 (5th Cir.

1988))); Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir. 1987) ("We are persuaded that the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII.").

Additionally, courts have ruled that the statute of limitations is not tolled for actions dismissed without prejudice for failure to properly serve. See, e.g., Pusey v. Dallas Corp., 938 F.2d 498, 500–01 (4th Cir. 1991); Wright v. Hill, No. 1:03CV00109, 2008 WL 942101, at *3 (M.D.N.C. Apr. 7, 2008) ("Where, as here, a plaintiff fails to serve a defendant within the 120-day period, the action is subject to dismissal without prejudice and the plaintiff is in the same position as if the action had never commenced and the statute of limitations was never tolled.").

In this case, Broome timely filed his Complaint within the 90 days mandated by Title VII. Over 220 days went by before Iron Tiger was served, however, which is well beyond the required time specified in Rule 4(m). Moreover, Broome did not show good cause for his untimely service. If the case were dismissed without prejudice, the statute of limitations would not be tolled. Broome would not benefit from the Virginia savings statute and the claim would be barred from being refiled. The question before the court is whether to dismiss the claim with prejudice or, in the interests of justice, to grant a discretionary extension of time to serve.

## V.

In the absence of good cause, courts look at a number of factors to decide whether to grant a discretionary extension of time to serve, including "whether any applicable statute of limitations would bar the action once refiled . . . and whether defendant would be prejudiced

by extending plaintiff's time for service." Etheredge-Brown v. Am. Media, Inc., No. 13-CV-1982 (JPO), 2015 WL 4877298, at *3 (S.D.N.Y Aug. 14, 2015) (quoting DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010)).

The first factor is the statute of limitations. Here, as stated above, the statute of limitations will prevent Broome from refiling his claim. Typically, the fact that the statute of limitations will have run if it is not tolled favors a plaintiff. See Carroll v. Certified Moving Storage, Co., No. 04 Civ. 4446(ARR), 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005). But this factor does not automatically guarantee a discretionary extension of time by the court. See Mikesell v. Taco Bell Corp., 300 F.R.D. 329, 331 (S.D. Ind. 2014) (noting that "[the expiration of the statute of limitations barring refiling] alone neither required nor justified an extension" (alterations in original) (citing Cardenas v. City of Chicago, 646 F.3d 1001, 1006 (7th Cir. 2011))). While the statute of limitations alone is not enough to justify granting Broome an extension, the court finds that, together with the other factors of this case, a discretionary extension of time is warranted.

The second factor that favors an extension is that Iron Tiger would not be prejudiced by extending Broome's time for service. In fact, Iron Tiger does not contend that they would be prejudiced by granting an extension, nor is the court aware of any basis for a claim of prejudice. Although service was not timely, Iron Tiger was eventually served and knows of the claims brought against them in Broome's Complaint. Therefore, Iron Tiger is aware of the suit against them and is able to properly defend.

Dismissal with prejudice is the most severe sanction possible. For this reason, the court's discretion to dismiss with prejudice is limited. See Kronberg v. LaRouche, 461 F.

App'x 222, 225 (4th Cir. 2012) (affirming dismissal without prejudice and noting that the holding was consistent with the "strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction" and should only be done "with restraint" (quoting United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993))); see also Gabriel v. United Nat'l Ins. Co., 259 F.R.D. 242, 244 (E.D. La. 2009); Millan v. USAA Gen. Indem. Co., 546 F.3d 321, 325–26 (5th Cir. 2008) (noting that dismissals with prejudice are generally affirmed where at least one of the three aggravating factors are present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct"). Here, none of the three factors is met because (1) Broome's attorney failed to properly serve Iron Tiger, not Broome himself; (2) Iron Tiger has not noted any prejudice nor is the court is aware of any prejudice that Iron Tiger would suffer; and (3) Broome's attorney has admitted that the untimely service was an inadvertent oversight.

Federal courts are meant to resolve cases on the merits. See Lee v. Hagerstown Goodwill, Indus., Inc., Civ. No. RDB-16-1364, 2017 WL 1364755, at *2 (D. Md. Apr. 14, 2017) (noting that "federal courts are here to resolve cases on the merits, to avoid procedural defaults whenever possible, and to issue the sanction of dismissal only in extreme cases of plaintiff misconduct," and allowing service that was over 250 days late (quoting Harris v. S. Charlotte Pre-Owned Auto Warehouse, LLC, No. 3:14-CV-00307-MOC, 2015 WL 1893839, at *5 (W.D.N.C. Apr. 27, 2015))). In the interests of justice—namely deciding cases on the merits—and judicial efficiency, the court will grant Broome an extension of time to serve Iron Tiger. The court finds that dismissal with prejudice is not warranted in this case when a

less severe sanction would better serve the interests of justice. Although the court's April 27, 2018 Order could not be construed as an order requiring service be made within a specified time, the court will now use its discretion to issue an order extending service. Broome served Iron Tiger on May 9, 2018. The court will extend the time for Broome to serve Iron Tiger until May 9, 2018 so that Broome's service on May 9 is effective.

## VI.

For the reasons stated above, the court will **DENY** Iron Tiger's Motion. An appropriate Order will be entered this day.

Entered: 03-19-2018

Michael F. Urbanski
Chief United States District Judge